IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
1:09-CV-00018

SCHUMACHER IMMOBILIEN UND        )
BETEILIGUNGS AG,                 )
                     Plaintiff,  )      **PLAINTIFF'S PROPOSED**
                                 )      **JURY INSTRUCTIONS**
          v.                     )
                                 )
PROVA, INC. AND CHRISTOPHER      )
WARD COX,                        )
                    Defendants.  )


Plaintiff Schumacher Immobilien and Beteiligung, AG, by and through its undersigned attorney, and respectfully submits the following proposed jury instructions to the Court:

## § 101.02. Order of Trial

The case will proceed as follows:

First, the lawyers for each side may make opening statements. What is said in the opening statements is not evidence, but is simply an outline to help you understand what each party expects the evidence to show. A party is not required to make an opening statement.

After the opening statements, the plaintiff will present evidence in support of plaintiff's claims and the defendant's lawyer may cross-examine the witnesses. At the conclusion of the plaintiff's case, the defendants may introduce evidence and the plaintiff's lawyer may cross-examine the witnesses. The defendants are not required to introduce any evidence or to call any witnesses. If the defendants introduce evidence, the plaintiff may then present rebuttal evidence.

After the evidence is presented, the parties' lawyers make closing arguments explaining what they believe the evidence has shown. What is said in the closing arguments is not evidence.

Finally, I will instruct you on the law that you are to apply in reaching your verdict. You will then decide the case.


FED-JI § 101.02

## § 101.01. Opening Instructions

We are about to begin the trial of the case you heard about during the jury selection. Before the trial begins, I am going to give you instructions that will help you to understand what will be presented to you and how you should conduct yourself during the trial.

During the trial you will hear me use a few terms that you may not have heard before. Let me briefly explain some of the most common to you. The party who sues is called the plaintiff. In this action, the plaintiff is a Swiss corporation, Schumacher Immobilien and Beteiligungs, AG. The parties being sued are called the defendants. In this action, the defendants are a North Carolina corporation, Prova, Inc. and a North Carolina resident, Christopher Cox .

You will sometimes hear me refer to "counsel." "Counsel" is another way of saying "lawyer" or "attorney." I will sometimes refer to myself as the "Court." When I "sustain" an objection, I am excluding that evidence from this trial for a good reason. When you hear that I have "overruled" an objection, I am permitting that evidence to be admitted.

When I say "admitted into evidence" or "received in to evidence," I mean that this particular statement or the particular exhibit may be considered by you in making the decisions you must make at the end of the case.

By your verdict, you will decide disputed issues of fact. I will decide all questions of law that arise during the trial. Before you begin your deliberation at the close of the case, I will instruct you in more detail on the law that you must follow and apply.

Because you will be asked to decide the facts of this case, you should give careful attention to the testimony and evidence presented. Keep in mind that I will instruct you at the end of the trial about determining the credibility or "believability" of the witnesses. During the trial you should keep an open mind and should not form or express any opinion about the case until you have heard all of the testimony and evidence, the lawyers' closing arguments, and my instructions to you on the law. While the trial is in progress, you must not discuss the case in any manner among yourselves or with anyone else. In addition, you should not permit anyone to discuss the case in your presence.

From time-to-time during the trial, I may make rulings on objections or motions made by the lawyers. It is a lawyer's duty to object when the other side offers testimony or other evidence that the lawyer believes is not admissible. You should not be unfair or partial against a lawyer or the lawyer's client because the lawyer has made objections. If I sustain or uphold an objection to a question that goes unanswered by the witness, you should not draw any inferences or conclusions

2

from the question. You should not infer or conclude from any ruling or other comment I may make that I have any opinions on the merits of the case favoring one side or the other. I do not favor one side or the other.

The trial lawyers are not allowed to speak with you during this case. When you see them at a recess or pass them in the halls and they do not speak to you, they are not being rude or unfriendly; they are simply following the law.

During the trial, it may be necessary for me to talk with the lawyers out of your hearing about questions of law or procedure. Sometimes, you may be excused from the courtroom during these discussions. I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

FED-JI § 101.01

## § 101.30. Judge's Questions To Witnesses

During the trial, I may sometimes ask a witness questions. Please do not assume that I have any opinion about the subject matter of my questions.

FED-JI § 101.30

## § 101.31. Bench Conferences

From time to time it may be necessary for me to talk to the lawyers out of your hearing. The purpose of these conferences is to decide how certain matters are to be treated under the rules of evidence. The lawyers and I will do what we can to limit the number and length of these conferences.

FED-JI § 101.31

## Opening Statement

Members of the jury, the attorneys will now make their opening statements.  The purpose of an opening statement is narrow and limited.

An opening statement is a forecast of what the attorney believes the evidence will be in the coming trial.  By it, the parties, through their attorneys, set forth the grounds for their respective claims or defenses.

You must not consider an opening statement as evidence.

3

The evidence will come in the form of the testimony of the witnesses, the admissions of the parties, the stipulations of counsel, or any documents, photographs or tangible objects that may be introduced into evidence as exhibits by the parties.

NCPI – Civil 100.10

## § 102.23. Deposition As Substantive Evidence

Testimony will now be presented through a deposition. A deposition contains the sworn, recorded answers to questions asked a witness in advance of the trial. A witness' testimony may sometimes be presented in the form of a deposition if the witness is not present or if the testimony in court contradicts the witness' deposition testimony. Some time before this trial, attorneys representing the parties in this case questioned this witness under oath. A court reporter was present and recorded the testimony. The questions and answers will be read to you today.

You must give this deposition testimony the same consideration as if the witness had been present and had testified from the witness stand in court.

FED-JI § 102.23

## § 102.24. Use Of Interrogatories

Evidence will now be presented to you in the form of written answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath before this trial in response to written questions.

You must give the answers the same consideration as if the answers were made from the witness stand.

FED-JI § 102.24

## § 102.25. Official Translation

German may be used during this trial. If an interpreter or translator is used, you are to consider only that evidence provided through the official court interpreter or translator. Although some of you may know the German language used, it is

4

important that all jurors consider the same evidence. Therefore, you must base your decision on the evidence presented in the English interpretation or translation. You must ignore any different meaning of the non-English words.

FED-JI § 102.25

## § 103.01. General Introduction (Similar to NC instruction on Function of the Jury)

Now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law. It is your duty to follow the law as I will state it and to apply it to the facts as you find them from the evidence in the case. Do not single out one instruction as stating the law, but consider the instructions as a whole. You are not to be concerned about the wisdom of any rule of law stated by me. You must follow and apply the law.

The lawyers have properly referred to some of the governing rules of law in their arguments. If there is any difference between the law stated by the lawyers and as stated in these instructions, you are governed by my instructions.

Nothing I say in these instructions indicates that I have any opinion about the facts. You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

FED-JI § 103.01

## § 103.10. Instructions Apply To Each Party

Unless I state otherwise, you should consider each instruction given to apply separately and individually to each plaintiff and to each defendant in the case.

FED-JI § 103.10

## § 103.12. All Persons Equal Before The Law—Organizations

You should consider and decide this case as a dispute between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. A corporation is entitled to the same fair trial as a private individual. All persons, including corporations and other organizations stand equal before the law, and are to be treated as equals.

FED-JI § 103.12

## § 103.31. Consideration Of The Evidence—Corporate Party's Agents And Employees

A corporation may act only through natural persons as its agents or employees. In general, any agents or employees of a corporation may bind the corporation by their acts and declarations made while acting within the scope of their authority delegated to them by the corporation or within the scope of their duties as employees of the corporation.

FED-JI § 103.31

## § 103.14. Multiple Defendants

Although there is more than one defendant in this action, it does not follow from that fact alone that if one defendant is liable to the plaintiff, all defendants are liable. Each defendant is entitled to a fair consideration of the evidence. Neither defendant is to be prejudiced should you find against the other.

Still, unless otherwise stated,]all instructions I give you govern the case as to each defendant.

FED-JI § 103.14

## § 103.30. Evidence In The Case

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, and all facts and

6

events that may have been admitted or stipulated to *[and all facts and events that may have been judicially noticed]*.

Statements and arguments by the lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statement, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. However, when the lawyers on both sides stipulate or agree on the existence of a fact, you must, unless otherwise instructed, accept the stipulation and regard that fact as proved.
[*I may take judicial notice of certain facts or events. When I declare that I will take judicial notice of some fact or event, you must, unless otherwise instructed, accept my declaration as evidence and regard as proved the fact or event which has been judicially noticed.*]

Any evidence to which I have sustained an objection and evidence that I have ordered stricken must be entirely disregarded.

FED-JI § 103.30

## § 102.11. Stipulations Of Fact

The parties have stipulated, or agreed, that is a fact. You must now treat this fact as having been proved for the purpose of this case.

FED-JI § 102.11

## § 103.33. Court's Comments Not Evidence

The law permits me to comment to you on the evidence in the case. These comments are only an expression of my opinion as to the facts. You may disregard my comments entirely, since you as jurors are the sole judges of the facts and are not bound by my comments or opinions.

FED-JI § 103.33

## § 103.35. Official Translation

German has been used during this trial. If an interpreter or translator has been used, you are to consider only that evidence provided through the official court interpreter or translator. Although some of you may know the German language

7

used, it is important that all jurors consider the same evidence. Therefore, you must base your decision on the evidence presented in the English interpretation or translation. You must ignore any different meaning of the non-English words.

FED-JI § 103.35

## § 103.50. Election Of Foreperson; Duty To Deliberate; Communications With Court; Cautionary; Unanimous Verdict; Verdict Form

You must follow the following rules while deliberating and returning your verdict:

First, when you go to the jury room, you must select a foreperson. The foreperson will preside over your discussions and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury and try to reach agreement.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of the other jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not make a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Third, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone—including me—how your votes stand numerically.

Fourth, your verdict must be based solely on the evidence and on the law that I have given to you in my instructions. The verdict must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

Finally, the verdict form is simply the written notice of the decision that you reach in this case. *[The form reads: [quote]]*. You will take this form to the jury room, and when each of you has agreed on the verdict[s], your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.

8

FED-JI § 103.50

## § 104.01. Preponderance Of The Evidence

Plaintiff has the burden in a civil action, such as this, to prove every essential element of plaintiff's claims by a preponderance of the evidence. If plaintiff should fail to establish any essential element of plaintiff's claims by a preponderance of the evidence, you should find for defendant as to that claim.

The defendant has the burden of establishing the essential elements of certain affirmative defenses. I will explain this later.

"Establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard that applies in criminal cases. It does not apply in civil cases such as this. You should, therefore, put it out of your minds.

FED-JI § 104.01

## § 104.04. "If You Find" Or "If You Decide"

When I instruct you that a party has the burden of proof on any proposition, or use the expression "if you find," or "if you decide," I mean that you must be persuaded, considering all the evidence in the case that the proposition is more probably true than not.

FED-JI § 104.04

**What Is And Is Not Evidence**

The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence, and stipulations.

By contrast, the question of a lawyer is not to be considered by you as evidence. It is the witnesses' answers that are evidence, not the questions. At times, a lawyer on cross-examination may have incorporated into a question a statement which assumed certain facts to be true, and asked the witness if the statement was true. If the witness denied the truth of the statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

The famous example of this is the lawyer's question of a married witness: "When did you stop beating your wife?" You would not be permitted to consider as true the assumed fact that he ever beat his wife, unless the witness himself indicated he had, or unless there was some other evidence in the record that he had beaten his wife.

Testimony that has been stricken or excluded is not evidence and may not be considered by you in rendering your verdict. Also, if certain testimony was received for a limited purpose such as for the purpose of assessing a witness's credibility - you must follow the limiting instructions I have given.

Arguments by lawyers are not evidence, because the lawyers are not witnesses. What they have said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict. However, if your recollection of the facts differs from the lawyer's statements, it is your recollection which controls.

Exhibits which have been marked for identification may not be considered by you as evidence until and unless that have been received in evidence by this court.

To constitute evidence, exhibits must be received in evidence. Exhibits marked for identification but not admitted are not evidence, nor are materials brought forth only to refresh a witness' recollection.

Finally, statements which I have made concerning the quality of the evidence do not constitute evidence.

It is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

10

4 Modern Federal Jury Instructions ¶ 74.01, p. 74-3; Instruction 74-1

### § 104.05. "Direct" And "Circumstantial" Evidence—Defined

Generally speaking, there are two types of evidence that are generally presented during a trial—direct evidence and circumstantial evidence. "Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. "Indirect or circumstantial" evidence is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact.

As a general rule, the law makes no distinction between the weight or value to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence. You are simply required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

FED-JI § 104.05

### § 104.20. "Inferences" Defined

You are to consider only the evidence in the case. However, you are not limited to the statements of the witnesses. In other words, you are not limited to what you see and hear as the witnesses testify. You may draw from the facts that you find have been proved such reasonable inferences as seem justified in light of your experience.
"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

FED-JI § 104.20

### § 104.24. Notice Or Knowledge—Duty Of Inquiry

The means of knowledge are ordinarily the equivalent in law to knowledge. If it appears from the evidence in the case that a person had information that would lead a reasonably prudent person to make inquiry through which that person would surely learn the facts, then this person may be found to have had actual knowledge of those facts, the same as if that person had made such inquiry and had actually learned such facts.

11

That is to say, the law charges a person with notice and knowledge of whatever that person would have learned, on making such inquiry as it would have been reasonable to expect the person to make under the circumstances.

Knowledge or notice may also be established by circumstantial evidence. If it appears that a certain condition has existed for a substantial period of time, and that the person had regular opportunities to observe the condition, then you may draw the inference that the person had knowledge of the condition.

FED-JI § 104.24

## Interested Witnesses

You may find that a witness is interested in the outcome of this trial. In deciding whether or not to believe such a witness, you may take the interest of the witness into account. If, after doing so, you believe the testimony of the witness, in whole or in part, you will treat what you believe the same as any other believable evidence.

N.C.P.I. -- Civil 101.30

## § 104.40. Expert Witness

The rules of evidence ordinarily do not permit witnesses to testify as to opinions or conclusions. An exception to this rule exists for "expert witnesses." An expert witness is a person who, by education and experience has become expert in some art, science, profession, or calling. Expert witnesses may state their opinions as to matters in which they profess to be expert, and may also state their reasons for their opinions.
You should consider each expert opinion received in evidence in this case, and give it such weight as you think it deserves. If you should decide that the opinion of an expert witness is not based upon sufficient education and experience, or if you should conclude that the reasons given in support of the opinion are not sound, or if you feel that it is outweighed by other evidence, you may disregard the opinion entirely.

FED-JI § 104.40

12

## § 104.53. Oral Statements Or Admissions

Evidence as to any oral statements or admissions, claimed to have been made outside of court by a party to any case, should always be considered with caution and weighed with great care. The person making the alleged statement or admission may not have expressed clearly the meaning intended, or the witness testifying to an alleged admission may have misunderstood or may have misquoted what was actually said.
However, when an oral statement or admission made outside of court is proved by reliable evidence, that statement or admission may be treated as trustworthy and should be considered along with all other evidence in the case.

FED-JI § 104.53


## § 104.72. Answers To Interrogatories

Each party has introduced into evidence certain interrogatories—that is, questions together with answers signed and sworn to by the other party. A party is bound by its sworn answers.

By introducing an opposing party's answers to interrogatories, that party does not bind itself to those answers. The introducing party may challenge the opposing party's answers in whole or in part or may offer contrary evidence.

FED-JI § 104.72


## § 105.01. Discrepancies In Testimony (Similar To NC Instruction On Credibility Of The Witness And Weight Of The Evidence)

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness' ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection

of these matters. Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit such testimony. Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves. In short, you may accept or reject the testimony of any witness, in whole or in part.

In addition, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

FED-JI § 105.01


**105.02. Use Of Depositions As Evidence**

During the trial, certain testimony has been presented by way of deposition. The deposition consisted of sworn, recorded answers to questions asked of the witness in advance of the trial by one or more of the attorneys for the parties to the case. The testimony of a witness who, for some reason is not present to testify from the witness stand may be presented in writing under oath or on a videotape. Such testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.

FED-JI § 105.02

## § 105.04. Impeachment—Inconsistent Statement Or Conduct (*falsus in uno falsus in omnibus*)

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness' other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

FED-JI § 105.04


## § 105.09. Effect Of Prior Inconsistent Statements Or Conduct

Evidence that, at some other time while not under oath a witness who is not a party to this action has said or done something inconsistent with the witness' testimony at the trial, may be considered for the sole purpose of judging the credibility of the witness.

However, such evidence may never be considered as evidence of proof of the truth of any such statement.

Where the witness is a party to the case, and by such statement or other conduct admits some fact or facts against the witness' interest, then such statement or other conduct, if knowingly made or done, may be considered as evidence of the truth of the fact or facts so admitted by such party, as well as for the purpose of judging the credibility of the party as a witness.

An act or omission is "knowingly" done, if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

FED-JI § 105.09

15

**Photograph, Videotape, Motion Pictures, X-Ray, Other Pictorial Representations, Map, Models, Charts – Illustrative and Substantive Evidence.**

*Note Well*:  *Use this instruction only if an exhibit was introduced for illustrative purposes.  If all exhibits were received as substantive evidence, then no instruction is necessary.*

Certain exhibits (*Specify illustrative exhibit*) were received in evidence in this case for the purpose of illustrating and explaining the testimony of some witnesses. This [photograph] or [chart] is not substantive or direct evidence, that is, it has not been received into evidence to prove any fact in this case.  You may consider this [photograph] or [chart] only for the purpose of illustrating and explaining the testimony of the witness, to the extent, if any, that you find that it does so illustrate and explain the testimony of the witness.  You may not consider it for any other purpose in connection with the trial of this case.

*Note Well*:  *If a photograph, videotape, motion picture, or other photographic representation was introduced as substantive evidence, use the following language to distinguish such exhibit from the exhibit admitted for illustrative purposes.*

Now (*specify substantive exhibit*) was received in evidence as substantive evidence.  This means that your consideration of this [photograph] or [photographic representation] is not limited to purposes of illustration but may be considered by you as evidence of what you determine it tends to show or represent.

NCPI – Civil  101.40


**§ 105.11. All Available Witnesses Or Evidence Need Not Be Produced**

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

FED-JI § 105.11

16

**Duty To Recall The Evidence**

It is your duty to recall and consider all of the evidence introduced during the trial. If your recollection of the evidence differs from that which the attorneys argued to you, you should be guided by your own recollection in your deliberations.

NCPI – Civil 101.50


**Issues**

Your verdict will take the form of answers to certain questions or issues. These issues are as follows:

(*Read all issues.*)

**Breach Of Contract**

1.  "Did Defendant Prova, Inc. breach the May 8, 2008 spare parts contract by non-performance?"

2.  "Did the plaintiff rightfully reject Defendant Prova, Inc.'s tender of the spare parts?"

3.  "What amount of money damages is the plaintiff entitled to recover from Defendant Prova, Inc. for breach of contract after rightfully rejecting the spare parts?"

4.  "Did the plaintiff justifiably revoke its acceptance of the spare parts purchased from Defendant Prova, Inc.?"

5.  "What amount of money damages is the plaintiff entitled to recover from Defendant Prova, Inc.for breach of contract after justifiably revoking acceptance of the spare parts under the May 8, 2008 spare parts contract?"

6.  "What amount of money damages is the plaintiff entitled to recover from Defendant Prova, Inc. for breach of contract after the defendant failed to deliver or tender all the spare parts under the May 8, 2008 spare parts contract?"

or

6. "What amount of money damages is the plaintiff entitled to recover from the defendant for breach of contract?"

17

**Breach Of Express Warranty**

7. "Did Defendant Prova, Inc. expressly warrant to the plaintiff that the spare parts would conform to a promise or representation of fact or a description, sample or model?

8. "Did Defendant Prova, Inc. breach the express warranty made to the plaintiff?"

9. "Did the plaintiff rightfully reject Defendant Prova, Inc.'s tender of the spare parts?"

10. "What amount of money damages is the plaintiff entitled to recover from Defendant Prova, Inc. for breach of warranty after rightfully rejecting the spare parts?"

11. "Did the plaintiff justifiably revoke its acceptance of the spare parts purchased from Defendant Prova, Inc.?"

12. "What amount of money damages is the plaintiff entitled to recover from Defendant Prova, Inc. for breach of warranty after justifiably revoking acceptance of the spare parts?"

13. "What amount of money damages is the plaintiff entitled to recover from Defendant Prova,Inc. breach of warranty?"

**Fraud**

14. "Was the plaintiff damaged by the fraud of Defendant Christopher Cox or Defendant Prova, Inc.?"

15. "What amount is the plaintiff entitled to recover from Defendant Christopher Cox and/or Defendant Prova, Inc. as damages for fraud?"

**Negligent Misrepresentation**

16. "Was the plaintiff financially damaged by a negligent misrepresentation of Defendant Christopher Cox and/or Defendant Prova, Inc.?"

17.   "What amount is the plaintiff entitled to recover from Defendant Christopher Cox and/or Defendant Prova, Inc. as damages for negligent misrepresentation?"


**Unfair Or Deceptive Trade Practice**

18.   "Did Defendant Christopher Cox and/or Defendant Prova, Inc. commit an unfair or deceptive trade practice in violation of North Carolina General Statute §75-1.1?"

19.   "Was the defendants' unfair or deceptive trade practice conduct a proximate cause of the plaintiff's injury or injury to the plaintiff's business?"

20.   "In what amount has the plaintiff or the business of the plaintiff been injured?"


I will discuss the issues one at a time and explain the law which you should consider as you deliberate upon your verdict.

NCPI – Civil 101.60


**Contracts – Issue Of Breach By Non-Performance**

The first issue reads:

"Did Defendant Prova, Inc. breach the May 8, 2008 spare parts contract (by non-performance)?"

On this issue the burden of proof is on the plaintiff.  This means that the plaintiff must prove, by the greater weight of the evidence, two things:

First, that the time had come for the defendant to perform or abide by a material term of the contract.  This means that, at the time of the alleged breach the time had come for Defendant Prova, Inc. to tender all the spare parts that were part of the May 8, 2008 spare parts contract and that Plaintiff either had performed all its obligations under the contract or was ready, willing and able to perform all its obligations under the contract.

Second, that the defendant failed to perform or abide by a material term of the contract.  A material term is one that is essential to the transaction, that is, a term which, if omitted or modified, would cause one of the parties to withhold

19

assent or to bargain for a substantially different term. Not every term in a contract is material. A party's failure to perform or abide by a term that is not material is not a breach of contract. In determining whether a term is material, you may consider the following factors:

the subject matter and purpose of the contract

the intentions of the parties

the scope of performance reasonably expected by each party]

In this case the plaintiff contends, and the defendant denies, that the plaintiff was ready, willing and able to perform and did perform all its obligations under the May 8, 2008 spare parts contract.

The plaintiff further contends, and the defendant denies, that the defendant failed to perform a material term of the May 8, 2008 spare parts contract by failing to tender or produce all the spare parts that were to be provided to Plaintiff under the May 8, 2008 spare parts contract.

Finally, as to the first issue on which the plaintiff has the burden of proof, if you find by the greater weight of the evidence that the defendant breached the contract by non-performance, then it would be your duty to answer this issue "Yes" in favor of the plaintiff.

If, on the other hand, you fail to so find, then it would be your duty to answer this issue "No" in favor of the defendant.

N.C.P.I. – Civil 502.00


**Contracts--Issue Of UCC Remedy--Buyer's Remedy Of Rightful Rejection.**

The second issue reads:

"Did the plaintiff rightfully reject Defendant Prova, Inc.'s tender of the spare parts?"

You will answer this issue only if you have answered the first issue "Yes" in favor of the plaintiff.

On this issue the burden of proof is on the plaintiff. This means the plaintiff must prove, by the greater weight of the evidence, two things:

20

First, that the plaintiff rejected the spare parts within a reasonable time after their tender by defendant Prova, Inc.. The plaintiff cannot reject the spare parts once it has accepted it. Acceptance occurs and the plaintiff's right to reject is cut off if, after the plaintiff has a reasonable opportunity to inspect the spare parts,

the plaintiff communicates to the defendant that the spare parts conforms to the contract

the plaintiff communicates to the defendant that it will take and retain the spare parts in spite of their non-conformity

the plaintiff fails to make an effective rejection of the spare parts

the plaintiff proceeds to use or take any other act inconsistent with the defendant's ownership of the spare parts

And Second, that the plaintiff notified Defendant Prova, Inc. of the rejection, and that such notice was seasonable. Notice is "seasonable" when it is given within a reasonable time if there is no time agreed. If the defect is ascertainable by reasonable inspection and the defendant could have cured it had *he* known what it was, the plaintiff's notice must state the particular defect.

Finally, as to this second issue on which the plaintiff has the burden of proof, if you find by the greater weight of the evidence that the plaintiff rightfully rejected the defendant's tender of the spare parts, then it would be your duty to answer this issue "Yes" in favor of the plaintiff.

If, on the other hand, you fail to so find, it would be your duty to answer this issue "No" in favor of the defendant.

N.C.P.I. – CIVIL 504.06


**Contracts--Issue Of UCC Remedy--Buyer's Damages Upon Rightful Rejection.**

The third issue reads:

"What amount of money damages is the plaintiff entitled to recover from the defendant for breach of contract after rightfully rejecting the spare parts?"

21

If you have answered the first and second issues "Yes" in favor of the plaintiff, the plaintiff is entitled to recover nominal damages even without proof of actual damages. Nominal damages consist of some trivial amount such as one dollar in recognition of the technical damage resulting from the breach.

The plaintiff may also be entitled to recover actual damages. On this issue the burden of proof is on the plaintiff. This means that the plaintiff must prove, by the greater weight of the evidence, the amount of damages sustained as a result of the breach of contract following *his* rightful rejection of the spare parts.

The law provides that where a buyer rightfully rejects the seller's tender of the spare parts, the buyer may cancel the contract but, whether or not he cancels, he may also recover so much of the purchase price as has been paid to the seller.

(plus)

[*Contract-Market Measure*. A buyer may recover damages for the seller's non-conforming tender. To determine such damages, you must first find the market price of the spare parts at the place the tender occurred and at the time the plaintiff learned of the non-conforming tender. From that market price you must subtract the parties' contract price. The difference is the plaintiff's damages for the defendant's non-conforming tender.

plus

a buyer may also recover incidental damages proximately resulting from the seller's breach. These include expenses reasonably incurred in the inspection, receipt, transportation and care and custody of goods rightfully rejected and any reasonable expense incident to delay or other breach

plus

a buyer may also recover consequential damages proximately resulting from the seller's breach. These include any loss resulting from general or particular requirements and needs of which the defendant at the time of contracting had reason to know and which could not reasonably have been prevented by the plaintiff

less

a credit to the defendant for any expenses saved or avoided by the plaintiff as a consequence of the defendant's breach.

22

The plaintiff's damages are to be reasonably determined from the evidence presented. The plaintiff is not required to prove with mathematical certainty the extent of the financial injury in order to recover damages. Thus, the plaintiff should not be denied damages simply because they cannot be calculated with exactness or a high degree of mathematical certainty. However, an award of damages must be based on evidence which shows the amount of the plaintiff's damages with reasonable certainty. You may not award any damages based upon mere speculation or conjecture.

Finally, as to this third issue on which the plaintiff has the burden of proof, if you find by the greater weight of the evidence the amount of damages sustained by the
plaintiff for breach of contract after rightfully rejecting the spare parts, then it would be your duty to write that amount in the blank space provided.

If, on the other hand, you fail to so find, then it would be your duty to write a nominal amount such as "One Dollar" in the blank space provided.

N.C.P.I. – CIVIL 504.09


**Contracts--Issue Of UCC Remedy--Buyer's Remedy Of Justifiable Revocation Of Acceptance.**

The fourth issue reads:

"Did the plaintiff justifiably revoke its acceptance of the spare parts purchased from Defendant Prova, Inc.?"

You will answer this issue only if you have answered the first issue "Yes" in favor of the plaintiff and the second issue "No" in favor of Defendant Prova, Inc.

On this issue the burden of proof is on the plaintiff. This means that the plaintiff must prove, by the greater weight of the evidence, three things:

First, that the plaintiff accepted the spare parts because the plaintiff's acceptance was reasonably induced either by the difficulty of discovery of the non-conformity before acceptance or by the defendant's assurances.

Second, that the non-conformity substantially impaired the value of the spare parts to the plaintiff. In making this determination, you may consider the plaintiff's needs, circumstances and its actual attitude toward the non-conforming spare parts. You may also consider whether a reasonable person under the same

or similar circumstances would have the same attitude as the plaintiff toward the non-conforming spare parts after taking into account

> the market value of the spare parts

> the reliability of the spare parts

> the utility of the spare parts

> the efficiency of the (*name good*)

And Third, that the plaintiff notified the defendant of the revocation of acceptance within a reasonable time after it discovered or should have discovered the ground for the revocation and before any substantial change in the condition of the spare parts not caused by its own defects. Formal notice that acceptance is being revoked is not necessary. Any conduct by the plaintiff manifesting to the defendant that it is seriously dissatisfied with the spare parts and expects satisfaction is sufficient. In determining whether revocation was made within a reasonable time, you may consider all of the surrounding circumstances, including the nature of the defect, the difficulty of its discovery, the complexity of the spare parts and the sophistication of the plaintiff.

Where a seller attempts to make adjustments to cure the non-conformity or where a seller makes repeated assurances that the non-conformity can be and will be cured, it is reasonable for a buyer to delay revocation and continue to use the spare parts to see if the seller will or can meet his assurances.

Finally, as to this fourth issue on which the plaintiff has the burden of proof, if you find by the greater weight of the evidence that the plaintiff justifiably revoked its acceptance of the spare parts, then it would be your duty to answer this issue "Yes" in favor of the plaintiff.

If, on the other hand, you fail to so find, it would be your duty to answer this issue "No" in favor of the defendant.

N.C.P.I. 504.12

**Contracts--Issue Of UCC Remedy--Buyer's Damages Upon Justifiable Revocation Of Acceptance.**

The fifth issues issue reads:

"What amount of money damages is the plaintiff entitled to recover from Defendant Prova, Inc. the defendant for breach of contract after justifiably revoking acceptance of the spare parts under the May 8, 2008 spare parts contract?"

If you have answered the first and fourth issue "Yes" in favor of the plaintiff, the plaintiff is entitled to recover nominal damages even without proof of actual damages. Nominal damages consist of some trivial amount such as one dollar in recognition of the technical damage resulting from the breach.

The plaintiff may also be entitled to recover actual damages. On this issue the burden of proof is on the plaintiff. This means that the plaintiff must prove, by the greater weight of the evidence, the amount of damages sustained as a result of the breach of contract after justifiably revoking acceptance of the spare parts contract.

The law provides that where a buyer justifiably revokes his acceptance of a the goods under a contract, the buyer may cancel the contract but, whether or not he cancels, he may also recover so much of the unrecovered purchase price as has been paid to the seller.

plus

_Contract-Market Measure_. A buyer may recover damages for the seller's non-conforming good. To determine such damages, you must first find the market price of the spare parts at the place it was delivered and at the time the plaintiff learned of the non-conformity. From that market price you must subtract the parties' contract price. The difference is the plaintiff's damages for the non-conforming good.

plus

a buyer may also recover incidental damages proximately resulting from the seller's breach. These include expenses reasonably incurred in the inspection, receipt, transportation and care and custody of goods whose acceptance have been justifiably revoked and any other reasonable expense incident to the delay or other breach

plus

a buyer may also recover consequential damages proximately resulting from the seller's breach. These include any loss resulting from general or particular requirements and needs of which the defendant at the time of contracting had

25

reason to know and which could not reasonably have been prevented by the plaintiff

less

a credit to the defendant for any expenses saved or avoided by the plaintiff as a consequence of the defendants' breach.

The plaintiff's damages are to be reasonably determined from the evidence presented. The plaintiff is not required to prove with mathematical certainty the extent of the financial injury in order to recover damages. Thus, the plaintiff should not be denied damages simply because they cannot be calculated with exactness or a high degree of mathematical certainty. However, an award of damages must be based on evidence which shows the amount of the plaintiff's damages with reasonable certainty. You may not award any damages based upon mere speculation or conjecture.

Finally, as to this fifth issue on which the plaintiff has the burden of proof, if you find by the greater weight of the evidence the amount of damages sustained by the plaintiff for breach of contract after justifiably revoking acceptance of the spare parts, then it would be your duty to write that amount in the blank space provided.

If, on the other hand, you fail to so find, then it would be your duty to write a nominal amount such as "One Dollar" in the blank space provided.

N.C.P.I. – CIVIL 504.15


**Contracts--Issue Of UCC Remedy--Buyer's Damages Upon Seller's Failure To Make Delivery Or Tender.**

The sixth issue reads:

"What amount of money damages is the plaintiff entitled to recover from Defendant Prova, Inc. for breach of contract after the defendant failed to deliver or tender the spare parts to be sold under the May 8, 2008 spare parts contract?"

If you have answered the first issue "Yes" in favor of the plaintiff and "No" to issues two and four in favor of the Defendant, the plaintiff is still entitled to recover nominal damages even without proof of actual damages. Nominal damages consist of some trivial amount such as one dollar in recognition of the technical damage resulting from the breach.

26

The plaintiff may also be entitled to recover actual damages. On this issue the burden of proof is on the plaintiff. This means that the plaintiff must prove, by the greater weight of the evidence, the amount of damages sustained as a result of the breach of contract after the defendant failed to deliver or tender the spare parts to be sold under the May 8, 2008 spare parts contract.

The law provides that where a seller fails to deliver or tender the subject matter of a contract to a buyer, the buyer may cancel the contract but, whether or not he cancels, he may also recover so much of the purchase price as has been paid to the seller

(plus)

*Contract-Market Measure*. A buyer may recover damages for the seller's failure to make delivery or tender. To determine such damages, you must first find the market price of the spare parts at the place where tender was to have occurred and at the time the plaintiff learned of the defendant's failure to make tender. From that market price you must subtract the parties' contract price. The difference is the plaintiff's damages for the defendant's failure to make delivery or tender

plus

a buyer may also recover incidental damages proximately resulting from the seller's breach. These include any reasonable expense incident to delay or other breach

plus

a buyer may also recover consequential damages proximately resulting from the seller's breach. These include any loss resulting from general or particular requirements and needs of which the defendant at the time of contracting had reason to know and which could not reasonably have been prevented by the plaintiff

less

a credit to the defendant for any expenses saved or avoided by the plaintiff as a consequence of the defendant's breach.

The plaintiff's damages are to be reasonably determined from the evidence presented. The plaintiff is not required to prove with mathematical certainty the extent of the financial injury in order to recover damages. Thus, the plaintiff

27

should not be denied damages simply because they cannot be calculated with exactness or a high degree of mathematical certainty. However, an award of damages must be based on evidence which shows the amount of the plaintiff's damages with reasonable certainty. You may not award any damages based upon mere speculation or conjecture.

Finally, as to this sixth issue on which the plaintiff has the burden of proof, if you find by the greater weight of the evidence the amount of damages sustained by the plaintiff for breach of contract after the defendant failed to [deliver] [tender] the (*name good*), then it would be your duty to write that amount in the blank space provided.

If, on the other hand, you fail to so find, then it would be your duty to write a nominal amount such as "One Dollar" in the blank space provided.

N.C.P.I – CIVIL 504.03

**OR**

**Contracts--Issue Of UCC Remedy--Buyer's Damages After Acceptance And Retention Of Goods.**

The sixth issue reads:

"What amount of money damages is the plaintiff entitled to recover from Defendant Prova, Inc. for breach of contract?"

If you have answered the first issue "Yes" in favor of the plaintiff, the plaintiff is entitled to recover nominal damages even without proof of actual damages. Nominal damages consist of some trivial amount such as one dollar in recognition of the technical damage resulting from the breach.

The plaintiff may also be entitled to recover actual damages. On this issue the burden of proof is on the plaintiff. This means that the plaintiff must prove, by the greater weight of the evidence, the amount of damages sustained, if any, as a result of the breach.

The law provides that where a buyer has accepted goods notwithstanding the seller's breach of contract and has given the seller notice of the breach within a reasonable time after the buyer discovers or should have discovered the breach,

the buyer may recover as damages for any non-conforming tender the loss resulting in the ordinary course of events from the seller's breach as determined by you in any manner that is reasonable

the buyer may recover as damages for breach of warranty the difference between the value of the spare parts as they would have been at the time and place of acceptance if they had conformed to the contract and the value of the spare parts as they were at the time and place of acceptance

the buyer may recover as damages for breach of warranty the amount which, by reason of special circumstances, is necessary to place the buyer in the same position he would have occupied had there been no breach of contract

plus

the buyer may recover incidental damages proximately resulting from the seller's breach. These include any reasonable expense incident to the delay or other breach

plus

the buyer may recover consequential damages proximately resulting from the seller's breach. These include any loss resulting from general or particular requirements and needs of which the seller at the time of contracting had reason to know and which could not reasonably have been prevented by the purchase of substitute goods or otherwise.

The plaintiff's damages are to be reasonably determined from the evidence presented. The plaintiff is not required to prove with mathematical certainty the extent of the financial injury in order to recover damages. Thus, the plaintiff should not be denied damages simply because they cannot be calculated with exactness or a high degree of mathematical certainty. However, an award of damages must be based on evidence which shows the amount of the plaintiff's damages with reasonable certainty. You may not award any damages based upon mere speculation or conjecture.

Finally, as to this sixth issue upon which the plaintiff has the burden of proof, if you find by the greater weight of the evidence the amount of damages sustained by the plaintiff by reason of the defendant's breach of contract, then it would be your duty to write that amount in the blank space provided.

If, on the other hand, you fail to so find, then it would be your duty to write a nominal amount such as "One Dollar" in the blank space provided.

29

**Warranties In Sales Of Goods--Issue Of Existence Of Express Warranty.**

The seventh issue reads:

"Did Defendant Prova, Inc. expressly warrant to the plaintiff that the spare parts would conform to a promise or representation of fact or a description, sample or model?

On this issue the burden of proof is on the plaintiff. This means that the plaintiff must prove, by the greater weight of the evidence, that the defendant expressly warranted that the spare parts would conform to a promise or representation of fact, or a description sample or model.

To create an express warranty, a seller need not use such formal words such as "warrant" or "guarantee," or even have a specific intention to create a warranty. Moreover, a warranty is not created by a mere statement of the value of a good or a seller's mere opinion or commendation of a good.

An express warranty may be created in several ways.

A seller creates an express warranty by making a promise or representation of fact to the buyer which relates to the spare parts being sold and which becomes part of the basis of the bargain between them. An express warranty created this way requires the spare parts being sold to conform to the seller's promise or representation of fact.

A seller also creates an express warranty by making a description of the spare parts being sold part of the basis of the bargain with the buyer. An express warranty created this way requires the spare parts being sold to conform to the seller's description.

A seller also creates an express warranty by showing or demonstrating to the buyer a sample or model of the spare parts being sold An express warranty created this way requires the spare parts being sold to conform to the seller's sample or model.

Finally, as to this seventh issue, on which the plaintiff has the burden of proof, if you find by the greater weight of the evidence that Defendant Prova, Inc. expressly warranted to the plaintiff that the spare parts would conform to a

promise or representation of a fact, description, sample or model, then it would be your duty to answer this issue "Yes" in favor of the Plaintiff.

If, on the other hand, you fail to so find, it would be your duty to answer this issue "No" in favor of the Defendant Prova, Inc.

N.C.P.I. – CIVIL 741.05


**Warranties In Sales Of Goods--Issue Of Breach Of Express Warranty.**

The eighth issue reads:

"Did Defendant Prova, Inc. breach the express warranty made to the plaintiff?"

You will answer this issue only if you have answered the tenth issue "Yes" in favor of the plaintiff.

On this issue the burden of proof is on the plaintiff. This means that the plaintiff must prove, by the greater weight of the evidence, that the defendant breached the express warranty made to the plaintiff.

A breach occurs when a good fails in any respect to conform to the express warranty made by the seller. That is, the spare parts in this case

did not conform to the promise or representation of fact made by the seller to the buyer which related to the spare parts to be sold under the May 8, 2008 spare parts contract and became part of the basis of the bargain between them

does not conform to the description of the spare parts which was made part of the basis of the bargain between the buyer and the seller

does not conform to the sample or model which was made part of the basis of the bargain between the buyer and the seller.

Finally, as to this eighth issue on which the plaintiff has the burden of proof, if you find by the greater weight of the evidence that the defendant breached the express warranty made to the plaintiff, then it would be your duty to answer this issue "Yes" in favor of the plaintiff.

If, on the other hand, you fail to so find, then it would be your duty to answer this issue "No" in favor of the defendant.

31

N.C.P.I. – CIVIL 741.10

**Warranties In Sales Of Goods--Remedies--Rightful Rejection.**

The ninth issue reads:

"Did the plaintiff rightfully reject Defendant Prova, Inc.'s tender of the spare parts?"

You will answer this issue only if you have answered the eighth issue "Yes" in favor of the plaintiff.

On this issue the burden of proof is on the plaintiff. This means the plaintiff must prove, by the greater weight of the evidence, two things:

<u>First</u>, that the plaintiff rejected the spare parts within a reasonable time after their tender by the defendant. The plaintiff cannot reject the spare parts if it has already accepted them.

<u>Second</u>, that the plaintiff seasonably notified the defendant of the rejection.

Finally, as to this ninth issue on which the plaintiff has the burden of proof, if you find by the greater weight of the evidence that the plaintiff rightfully rejected
Defendant Prova, Inc.'s tender of the spare parts, then it would be your duty to answer this issue "Yes" in favor of the plaintiff.

If, on the other hand, you fail to so find, it would be your duty to answer this issue "No" in favor of the defendant.

N.C.P.I. – CIVIL 41.35

**Warranties In Sales Of Goods--Rightful Rejection--Damages.**

The tenth issue reads:

"What amount of money damages is the plaintiff entitled to recover from Defendant Prova, Inc. for breach of warranty after rightfully rejecting the spare parts?"

32

If you have answered the twelfth issue "Yes" in favor of the plaintiff, the plaintiff is entitled to recover nominal damages even without proof of actual damages. Nominal damages consist of some trivial amount such as one dollar in recognition of the technical damage resulting from the breach.

The plaintiff may also be entitled to recover actual damages. On this issue the burden of proof is on the plaintiff.

This means that the plaintiff must prove, by the greater weight of the evidence, the amount of damages sustained, if any, as a result of the breach of warranty following the rightful rejection of the spare parts.

The law provides that where a buyer rightfully rejects the seller's tender of the spare parts, he may cancel the contract and, in addition,

First, make any reasonable purchase of a substitute (*name good*) in good faith and without unreasonable delay, and then recover the difference between the cost of the substitute (*name good*) and the contract price.

Second, recover so much of the purchase price as has been paid.

Third, recover incidental damages proximately resulting from the seller's breach. These include expenses reasonably incurred in the inspection, receipt, transportation and care and custody of the (*name good*) and any other reasonable expense incident to the breach.

Fourth, recover consequential damages proximately resulting from the seller's breach. These include any loss resulting from general or particular requirements and needs of which the defendant at the time of contracting had reason to know and which could not reasonably have been prevented by the plaintiff.

The plaintiff's damages are to be reasonably determined from the evidence presented in the case. The plaintiff is not required to prove with mathematical certainty the extent of the financial injury in order to recover damages. Thus, the plaintiff should not be denied damages simply because they cannot be calculated with exactness or a high degree of mathematical certainty. However, an award of damages must be based on evidence which shows the amount of the plaintiff's damages with reasonable certainty. You may not award any damages based upon mere speculation or conjecture.

Finally, as to this tenth issue on which the plaintiff has the burden of proof, if you find by the greater weight of the evidence the amount of damages sustained

by the plaintiff for breach of warranty after rightfully rejecting the spare parts, then it would be your duty to write that amount in the blank space provided.

If, on the other hand, you fail to so find, then it would be your duty to write a nominal amount such as "One Dollar" in the blank space provided.

N.C.P.I. – CIVIL 741.40


**Warranties In Sales Of Goods--Remedies--Justifiable Revocation Of Acceptance.**

The eleventh issue reads:

"Did the plaintiff justifiably revoke its acceptance of the spare parts purchased from Defendant Prova, Inc.?"

You will answer this issue only if you have answered the eleventh issues issue "Yes" in favor of the plaintiff and the twelfth issue "No" in favor of Defendant Prova, Inc.

On this issue the burden of proof is on the plaintiff. This means that the plaintiff must prove, by the greater weight of the evidence, three things:

First, that the plaintiff accepted the spare parts because the plaintiff's acceptance was reasonably induced either by the difficulty of discovery of the breach of warranty before acceptance or by the defendant's assurances.

Second, that the breach of warranty substantially impaired the value of the spare parts to the plaintiff. You may consider the plaintiff's needs, circumstances and its actual reaction to the breach. You may also consider whether the plaintiff's reaction to the breach was reasonable under the circumstances.

Third, that the plaintiff notified the defendant of the revocation of acceptance within a reasonable time after it discovered or should have discovered the ground for the revocation. Formal notice that acceptance is being revoked is not necessary. Any conduct by the plaintiff manifesting to the defendant that it is seriously dissatisfied with the spare parts and expects satisfaction is sufficient. In determining whether revocation was made within a reasonable time, you may consider all of the surrounding circumstances, including the nature of the defect, the difficulty of its discovery, the complexity of the spare parts and the sophistication of the plaintiff.

Finally, as to this eleventh issue on which the plaintiff has the burden of proof, if you find by the greater weight of the evidence that the plaintiff justifiably revoked its acceptance of the spare parts, then it would be your duty to answer this issue "Yes" in favor of the plaintiff.

If, on the other hand, you fail to so find, it would be your duty to answer this issue "No" in favor of the defendant.

N.C.P.I. – CIVIL 741.45


**Warranties In Sales Of Goods--Justifiable Revocation Of Acceptance--Damages.**

The twelfth issue reads:

"What amount of money damages is the plaintiff entitled to recover from Defendant Prova, Inc. for breach of warranty after justifiably revoking acceptance of the spare parts?"

If you have answered the eleventh issue "Yes" in favor of the plaintiff, the plaintiff is entitled to recover nominal damages even without proof of actual damages. Nominal damages consist of some trivial amount such as one dollar in recognition of the technical damage resulting from the breach.

The plaintiff may also be entitled to recover actual damages. On this issue the burden of proof is on the plaintiff.

This means that the plaintiff must prove, by the greater weight of the evidence, the amount of damages sustained, if any, as a result of the breach of warranty following the justifiable revocation of acceptance of the spare parts.

The law provides that where a buyer justifiably revokes acceptance of the spare parts, he may cancel the contract and, in addition,

<u>First</u>, make any reasonable purchase of a substitute spare parts (*name good*) in good faith and without unreasonable delay, and then recover the difference between the cost of the substitute spare parts and the contract price.

<u>Second</u>, recover so much of the purchase price as has been paid.

<u>Third</u>, recover incidental damages proximately resulting from the seller's breach. These include expenses reasonably incurred by the plaintiff in the

35

inspection, receipt, transportation and care and custody of the spare parts and any other reasonable expense incident to the breach.

Fourth, recover consequential damages proximately resulting from the seller's breach. These include any loss resulting from general or particular requirements and needs of which the defendant at the time of contracting had reason to know and which could not reasonably have been prevented by the plaintiff.

The plaintiff's damages are to be reasonably determined from the evidence presented in the case. The plaintiff is not required to prove with mathematical certainty the extent of the financial injury in order to recover damages. Thus, the plaintiff should not be denied damages simply because they cannot be calculated with exactness or a high degree of mathematical certainty. However, an award of damages must be based on evidence which shows the amount of the plaintiff's damages with reasonable certainty. You may not award any damages based upon mere speculation or conjecture.

Finally, as to this twelfth issue on which the plaintiff has the burden of proof, if you find by the greater weight of the evidence the amount of damages sustained by the plaintiff for breach of warranty after justifiably revoking acceptance of the spare parts, then it would be your duty to write that amount in the blank space provided.

If, on the other hand, you fail to so find, then it would be your duty to write a nominal amount such as "One Dollar" in the blank space provided.

N.C.P.I. – CIVIL 741.50


**Warranties In Sales Of Goods--Remedy For Breach Of Warranty Where Accepted Goods Are Retained--Damages.**

The thirteenth issue reads:

"What amount of money damages is the plaintiff entitled to recover from Defendant Prova, Inc. for breach of warranty?"

If you have answered the eighth issue "Yes" in favor of the plaintiff and the ninth and eleventh issues "No" in favor of Defendant Prova, Inc., the plaintiff still is entitled to recover nominal damages even without proof of actual damages. Nominal damages consist of some trivial amount such as one dollar in recognition of the technical damage resulting from the breach.

36

The plaintiff may also be entitled to recover actual damages. On this issue the burden of proof is on the plaintiff.

This means that the plaintiff must prove, by the greater weight of the evidence, the amount of damages sustained, if any, as a result of the breach.

A person injured by a breach of warranty is entitled to be placed, insofar as this can be done by money, in the same position he would have occupied if there had been no breach of the warranty.

You may determine these damages this way:

(1)    first, find what the value of the spare parts would have been at the time and place of acceptance if they had been as it was warranted to be, and

(2)    second, find what the value of the spare parts actually were at the time and place of acceptance, and

(3)    third, subtract the second figure from the first figure, and add to the difference all incidental and consequential damages if any, sustained by the plaintiff.

Incidental damages recoverable by a buyer include expenses reasonably incident to delay or other breach.

Consequential damages recoverable by a buyer include any loss resulting from general or particular requirements and needs of which the seller at the time of contracting had reason to know and which could not reasonably have been prevented by the purchase of substitute goods or otherwise, and injury to person or property proximately resulting from any breach of warranty.

The plaintiff's damages are to be reasonably determined from the evidence presented in the case. The plaintiff is not required to prove with mathematical certainty the extent of the financial injury in order to recover damages. Thus, the plaintiff should not be denied damages simply because they cannot be calculated with exactness or a high degree of mathematical certainty. However, an award of damages must be based on evidence which shows the amount of the plaintiff's damages with reasonable certainty. You may not award any damages based upon mere speculation or conjecture.

Finally, as to this thirteenth  issue upon which the plaintiff has the burden of proof, if you find by the greater weight of the evidence the amount of damages

sustained by the plaintiff by reason of Defendant Prova, Inc's breach of warranty, then it would be your duty to write that amount in the blank space provided.

If, on the other hand, you fail to so find, then it would be your duty to write a nominal amount such as "One Dollar" in the blank space provided.

N.C.P.I. – CIVIL 741.60


**Fraud.**

The fourteenth issue reads:

"Was the plaintiff damaged by the fraud of Defendants Christopher Cox and Prova, Inc?"

On this issue the burden of proof is on the plaintiff. This means that the plaintiff must prove, by the greater weight of the evidence, six things:

<u>First</u>, that the defendants made a false representation of or concealed a material fact.
A statement of opinion, belief, recommendation, future prospects or a promise ordinarily is not a representation of fact. However, a promise can be a false representation of fact if, at the time it is made, the person making the promise has no intention of carrying it out.

A concealment occurs when a person fails to disclose that which, under the circumstances, *he* should disclose. A person has a duty to disclose all facts material to a transaction or event where *he* has made a partial or incomplete representation or where *he* is specifically questioned about them.

<u>Second</u>, that the false representation or concealment was calculated to deceive. A representation is calculated to deceive when the person who makes it knows it to be false, or makes it recklessly, without any knowledge of its truth or falsity, as a positive assertion. A concealment is calculated to deceive when the person who makes it knows there is a duty to disclose, or is recklessly indifferent to a duty to disclose.

<u>Third</u>, that the false representation was made or the concealment was done with the intent to deceive.

<u>Fourth</u>, that the plaintiff was, in fact, deceived by the false representation or by the concealment.

<u>Fifth</u>, that the plaintiff's reliance was reasonable. The plaintiff's reliance would be reasonable if, under the same or similar circumstances, a reasonable person, in the exercise of ordinary care for *his* own welfare, would have relied on the false representation or would not have discovered the concealment.

<u>And Sixth</u>, that the plaintiff suffered damages as a result of *his* reliance on the plaintiff's false representation or concealment.

Finally, as to the fourteenth issue on which the plaintiff has the burden of proof, if you find by the greater weight of the evidence that the plaintiff was damaged by the fraud of the defendants, then it would be your duty to answer this issue "Yes" in favor of the plaintiff.

If, on the other hand, you fail to so find, then it would be your duty to answer this issue "No" in favor of the defendants.

N.C.P.I. – CIVIL 800.00

**Fraud: Damages**

The fifteenth issue reads:

"What amount is the plaintiff entitled to recover from Defendant Christopher Cox and/or Defendant Prova, Inc. as damages for fraud?"

If you have answered the fourteenth issue "Yes" in favor of the plaintiff, then the plaintiff is entitled to recover nominal damages even without proof of actual damages. Nominal damages consist of some trivial amount such as one dollar in recognition of a technical injury to the plaintiff.

The plaintiff may also be entitled to recover actual damages. On this issue the burden of proof is on the plaintiff. This means that the plaintiff must prove, by the greater weight of the evidence, the amount of actual damages caused by the fraud of the defendants.

Damages recoverable for fraud consist of the amount of money that, in so far as possible, will put the plaintiff in the same position or condition as if the fraud had not occurred. That amount may include the difference between the value of what was received and the value of what was promised. Thus, a person acquiring property by virtue of a commercial transaction, who has been defrauded by false representations, may recover as damages the difference between the actual

39

value of the property at the time of the transaction and the value it would have had if the representations had been true. That amount may also include financial or monetary loss suffered otherwise by the plaintiff as a result of the fraud.

The plaintiff's damages are to be reasonably determined from the evidence presented. Your award must be fair and just. You may not award any damages based upon speculation or conjecture.

Finally, as to the fifteenth issue on which the plaintiff has the burden of proof, if you find by the greater weight of the evidence the amount of actual damages caused by the fraud of the defendants, then it would be your duty to write that number in the blank space provided.

If, on the other hand, you fail to so find, then it would be your duty to write a nominal sum such as one dollar in the blank space provided.

N.C.P.I. 800.07


**Negligent Misrepresentation.**

The sixteenth issue reads:

"Was the plaintiff financially damaged by a negligent misrepresentation of Defendant Christopher Cox and/or Defendant Prova, Inc.?"

A person has a duty to exercise reasonable care or competence in obtaining or communicating information to other persons, or groups of persons who he knows or intends will rely or who he knows his client intends will rely on information supplied by him. A breach of this duty is a negligent misrepresentation.

On this issue the burden of proof is on the plaintiff. This means that the plaintiff must prove, by the greater weight of the evidence, six things:

<u>First</u>, that in the course of the defendants' business, employment or a transaction in which the defendants had a financial interest], the defendants supplied information to the plaintiff and it's representatives

<u>Second</u>, that the defendants intended for the plaintiff and its representatives to rely on that information for guidance or benefit in a particular business transaction.

Third, that the information supplied by the defendants was false.

Fourth, that the defendants failed to exercise reasonable care or competence in obtaining or communicating the false information. Reasonable care or competence in the case of a (*name business person or professional, e.g., lawyer, accountant, appraiser, engineer*) is (*here state standard of care applicable to the particular profession*).

Fifth, that the plaintiff actually relied on the false information supplied by the defendants and that the plaintiff's reliance was justifiable. Actual reliance is direct reliance upon false information. Reliance is justifiable if, under the same or similar circumstances, a reasonable person, in the exercise of ordinary care, would have relied on the false information.

Sixth, that such reliance caused the plaintiff to incur financial damage. A person's conduct is a cause of an event if that event would not have occurred but for the conduct. On the other hand, a person's conduct is not a cause of an event if the event would have occurred without it.

Finally, as to this sixteenth issue on which the plaintiff has the burden of proof, if you find by the greater weight of the evidence that the plaintiff was financially damaged by a negligent misrepresentation of the defendant, then it would be your duty to answer this issue "Yes" in favor of the plaintiff.

If, on the other hand, you fail to so find, then it would be your duty to answer this issue "No" in favor of the defendant.

N.C.P.I. – CIVIL 800.10


**Negligent Misrepresentation:  Damages**

The seventeenth issue reads:

"What amount is the plaintiff entitled to recover from Defendant Christopher Cox and/or Defendant Prova, Inc. as damages for negligent misrepresentation?"

If you have answered the sixteenth issue "Yes" in favor of the plaintiff, then the plaintiff is entitled to recover nominal damages even without proof of actual damages. Nominal damages consist of some trivial amount such as one dollar in recognition of a technical injury to the plaintiff.

The plaintiff may also be entitled to recover actual damages.  On this issue the burden of proof is on the plaintiff.  This means that the plaintiff must prove, by the greater weight of the evidence, the amount of actual damages proximately caused by the negligent misrepresentation of the defendants.

Proximate cause is a cause which in a natural and continuous sequence produces a person's damage, and is a cause which a reasonable and prudent person could have foreseen would probably produce such damage or some similar injurious result.
There may be more then one proximate cause of damage.  Therefore the plaintiff need not prove that the negligent misrepresentation of the defendants was the *sole* proximate cause of the damage.  The plaintiff must prove, by the greater weight of the evidence, only that the negligent misrepresentation of the defendants was *a* proximate cause.

The damages recoverable for a negligent misrepresentation are those necessary to compensate the plaintiff for its pecuniary loss proximately caused by the misrepresentation of the defendants.  Pecuniary loss is a financial or monetary loss suffered by the plaintiff.  Pecuniary loss may include the difference between the value of what the plaintiff has received in the transaction and its purchase price or other value given for it and financial or monetary loss suffered otherwise as a consequence of the plaintiff's reliance upon the misrepresentation.

The plaintiff's damages are to be reasonably determined from the evidence presented.  Your award must be fair and just.  You may not award any damages based upon speculation or conjecture.

Finally, as to the seventeenth issue on which the plaintiff has the burden of proof, if you find by the greater weight of the evidence the amount of actual damages proximately caused by the negligent misrepresentation of the defendants, then it would be your duty to write that amount in the blank space provided.

If, on the other hand, you fail to so find, then it would be your duty to write a nominal sum such as one dollar in the blank space provided.

N.C.P.I. – CIVIL 800.11


**Trade Regulation--Violation--Issue Of Unfair Methods Of Competition And Unfair Or Deceptive Acts Or Practices.  G.S. § 75-1.1.**

<u>*Note Well*</u>:  *Determining what constitutes an unfair or deceptive trade practice is an issue of law for the judge.*

42

*The only question of fact to be determined by the jury in connection with this issue is whether the defendant actually did what he is alleged to have done. Special interrogatories should be submitted to the jury on each of these questions of fact. Good faith and lack of willfulness are irrelevant.*

The eighteenth issue reads:

"Did the defendants do commit an unfair or deceptive trade practice in violation of North Carolina General Statute §75-1.1?"

On this issue the burden of proof is on the plaintiff. This means that the plaintiff must prove, by the greater weight of the evidence, that the defendants did at least one of the acts as contended by the plaintiff. In this case the plaintiff contends, and the defendants deny, that the defendants:

Knowingly misrepresent the condition of the spare parts during the negotiations and upon entering the May 8, 2008 spare parts contract.

Provide photos of the spare parts to be sold under the May 8, 2008 spare parts contract knowing that those photos were over five years old.

Provide photos of the spare parts to be sold under the May 8, 2008 spare parts contract knowing that the photos had been taken in another location, not the location were the spare parts were stored in April and May, 2008.

After seeing the spare parts at issue in a storage room in April 2008, Defendant Christopher Cox then provide photos of the spare parts to be sold under the May 8, 2008 spare parts contract that were over five years old.

After sending recent photos of the spare parts as they appeared in storage in April 2008, Defendants Cox and Prova to another potential purchaser, Defendants sent Plaintiff other photos of spare parts that were over five years old.

After sending recent photos of the spare parts as they appeared in storage in April 2008, Defendants Cox and Prova to another potential purchaser, Defendants sent Plaintiff other photos of spare parts that were taken at a completely different facility.

After sending recent photos of the spare parts as they appeared in storage in April 2008, Defendants Cox and Prova to another potential purchaser, Defendants

sent Plaintiff other photos of spare parts showing them in a completely different condition than they actually existed.

Finally, as to this eighteenth issue on which the plaintiff has the burden of proof, if you find by the greater weight of the evidence that the defendants did at least one of the acts contended by the plaintiff, then you would answer "Yes" in the space beside each act so found.

If, on the other hand, you fail to so find, then you would answer "No" in the space provided.

N.C.P.I. – CIVIL 813.21

**Trade Regulation--Proximate Cause--Issue Of Proximate Cause**

The nineteenth issue reads:

"Was the defendants' unfair or deceptive trade practice conduct a proximate cause of the plaintiff's injury or injury to the plaintiff's business?"

You will answer this issue only if you have found in the plaintiff's favor on the eighteenth issue.

On this issue the burden of proof is on the plaintiff. This means that the plaintiff must prove, by the greater weight of the evidence, two things:

<u>First</u>, that the plaintiff has suffered an injury or the plaintiff's business has been injured, and

<u>Second</u>, that the defendants' conduct was a proximate cause of the plaintiff's injury or the injury to the plaintiff's business.

Proximate cause is a cause which in a natural and continuous sequence produces the injury, and is a cause which a reasonable and prudent person could have foreseen would probably produce such injury or some similar injurious result.

There may be more than one proximate cause of an injury. Therefore, the plaintiff need not prove that the defendant's conduct was the <u>sole</u> proximate cause of the plaintiff's injury or the injury to the plaintiff's business. The plaintiff must

44

prove, by the greater weight of the evidence, only that the defendants' conduct was a proximate cause.

Finally, as to this nineteenth issue on which the plaintiff has the burden of proof, if you find by the greater weight of the evidence that the plaintiff has suffered an injury or that the plaintiff's business has been injured, and that the defendants' conduct proximately caused the plaintiff's injury or the injury to the plaintiff's business, then it would be your duty to answer this issue "Yes" in favor of the plaintiff.

If, on the other hand, you fail to so find, then it would be your duty to answer this issue "No" in favor of the defendants.

N.C.P.I. – CIVIL 813.70


**Trade Regulation--Damages--Issue Of Damages.**

The twentieth issue reads:

"In what amount has the plaintiff or the business of the plaintiff been injured?"

If you have answered issues eighteen and nineteen "Yes" in favor of the plaintiff, the plaintiff is entitled to recover nominal damages even without proof of actual damages. Nominal damages consist of some trivial amount such as one dollar in recognition of the technical damage caused by the wrongful conduct of the defendant.

The plaintiff may also be entitled to recover actual damages. On this issue the burden of proof is on the plaintiff. This means that the plaintiff must prove, by the greater weight of the evidence, the amount of actual damages sustained, if any, as a result of its injury or the injury to its business.

Such damages would include

 (*here give appropriate instructions on damages. The following examples are not exhaustive[1] but are offered to provide guidance in most cases*)

II.    *For injury to the plaintiff as a consumer or to its business as a customer:*

---

[(*give appropriate "benefit of the bargain" instructions. For example:* the difference in the value of (*describe property*) as represented by the defendant and as actually delivered.)]

The plaintiff's damages are to be reasonably determined from the evidence presented in the case. The plaintiff is not required to prove with mathematical certainty the extent of its injury or the injury to its business in order to recover damages. Thus, the plaintiff should not be denied damages simply because they cannot be calculated with exactness or a high degree of mathematical certainty. An award of damages must be based on evidence which shows the amount of the plaintiff's damages with reasonable certainty. However, you may not award any damages based upon mere speculation or conjecture.

Finally, as to this issue on which the plaintiff has the burden of proof, if you find, by the greater weight of the evidence, the amount of actual damages sustained by the plaintiff by reason of its injury or the injury to its business, then it would be your duty to write that amount in the blank space provided.

If, on the other hand, you fail to so find, then it would be your duty to write a nominal amount such as "One Dollar" in the blank space provided.

N.C.P.I. – CIVIL 813.80


**Evidence—Spoliation By A Party.**

When evidence has been received which tends to show that spare parts were 1) in the exclusive possession of the Plaintiff 2) has been lost, misplaced, suppressed, destroyed, or corrupted and 3) that the Plaintiff had notice of the Defendants' potential defense, you may infer, though you are not compelled to do so, that the spare parts as they existed in Pittsburgh would be damaging to the Plaintiff. You may give this inference such force and effect as you determine it should have under all of the facts and circumstances.
[The inference is permitted even in the absence of evidence that the [plaintiff] [defendant] acted intentionally, negligently or in bad faith.]
[No inference is permitted if you find that [(*describe despoiled evidence*) was equally accessible to both parties] [there is a fair, frank and satisfactory explanation for the failure to produce the (*describe despoiled evidence*)

**Jury Should Consider All Contentions**.

Now, members of the jury, you have heard the evidence and the arguments of the attorneys. It is your duty to consider all of the evidence, all contentions arising from that evidence, and the arguments and positions of the attorneys. You must weigh all of these in light of your common sense and determine the truth of this matter. You are to perform this duty fairly and objectively, and without bias, sympathy, or partiality toward any party.

N.C.P.I. – CIVIL 150.10

## § 106.01. Duty To Deliberate

The verdict must represent the considered judgment of each of you. In order to return a verdict, it is necessary that each juror agree. Your verdict must be unanimous.
It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without disregard of individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges—judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

FED-JI § 106.01

## Jury Should Render Verdict Based On Facts, Not Consequences.

You should not be swayed by pity, sympathy, partiality or public opinion. You must not consider the effect of a verdict on the plaintiff or defendants or concern yourself as to whether it pleases the Court. Both the plaintiff and the defendants as well as the public expect that you will carefully and fairly consider all the evidence in the case, follow the law as given to you by the Court and reach a just verdict, regardless of the consequences.

N.C.P.I. – CIVIL 150.12

## § 106.06. Election Of Foreperson—Special And General Verdicts

Upon retiring to the jury room, you will select one of you to act as your foreperson. The foreperson will preside over your deliberations, and will be your spokesperson in Court.

A form of special verdict, and a form of general verdict, have been prepared for your convenience. You will take these forms to the jury room. I direct your attention first to the form of special verdict. [*Form of special verdict read.*]

[*You will note that each of the interrogatories or questions calls for a "Yes" or "No" answer. The answer to each question must be the unanimous answer of the jury. Your foreperson will write the unanimous answer of the jury in the space provided opposite each question, and will date and sign the special verdict, when completed. It will not be necessary to consider or answer question (2), if your answer to question (1) is "No." Nor will it be necessary for you to consider or answer question (3), unless your answer to both questions (1) and (2) is "Yes."*]

[*Accordingly, if your answer to either questions (1) or (2) is "No," the foreperson will date and sign the special verdict, without answering question (3). On the other hand, if the answer to both questions (1) and (2) is "Yes," then you will answer question (3); and the foreperson will then date and sign the special verdict as so completed.*]

After you have completed your findings as called for by the questions set forth on the special verdict, you will then consider your general verdict, forms of which have been prepared for your convenience. [*Read general verdict form.*]

When you have reached unanimous agreement as to your general verdict, you will have your foreperson fill in, date, and sign the form setting forth the verdict upon which you unanimously agree. You will then return with both the completed special verdict and the completed general verdict to the courtroom.

FED-JI § 106.06

## § 106.07. Verdict Forms—Jury's Responsibility

Nothing said in these instructions and nothing in any form of verdict prepared for your convenience is meant to suggest or convey in any way or

manner any suggestion or hint as to what verdict I think you should find. What the
verdict shall be is your sole and exclusive duty and responsibility.

FED-JI § 106.07


## § 106.08. Communications Between Court And Jury During Jury's Deliberations

If it becomes necessary during your deliberations to communicate with me,
you may send a note by a bailiff, signed by your foreperson or by one or more
members of the jury. No member of the jury should ever attempt to communicate
with me by any means other than a signed writing, and I will never communicate
with any member of the jury on any subject touching the merits of the case
otherwise than in writing, or orally here in open court.

You will note from the oath about to be taken by the bailiffs that they too,
as well as all other persons, are forbidden to communicate in any way or manner
with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person—not even to
me—how the jury stands, numerically or otherwise, on the questions before you,
until after you have reached a unanimous verdict.

FED-JI § 106.08


## Concluding Instructions--When To Begin Deliberations, Charge Conference.

*Note Well*:  The judge must excuse the alternate juror(s).

Members of the jury, in just a moment I will send you to the jury room.
You are to proceed only with the matter of the selection of your foreperson.  Do
not begin your deliberations in this case until such time as the bailiff delivers the
verdict sheet to you.  When the verdict sheet is delivered, you may then begin your
deliberations.  When you have reached a unanimous verdict and are ready to
pronounce it, please have your foreperson properly mark or write your answers on
the verdict sheet, date and sign the verdict sheet and notify the bailiff by knocking
on the door to the jury room.  You will then be returned to the courtroom to
pronounce your verdict.

You may now go to the jury room and select your foreperson.

49

N.C.P.I. – CIVIL 150.45

Respectfully submitted this the 14th day of September, 2010.

YATES MCLAMB & WEYHER, LLP
By:     /s/ Sean T. Partrick
        Sean T. Partrick
        Dan J. McLamb
        Attorneys for Plaintiff
        Yates, McLamb & Weyher, LLP
        One Bank of America Square
        421 Fayetteville Street
        Post Office Box 2889
        Raleigh, N.C.  27602
        Telephone:  (919) 835-0900
        Facsimile:  (919) 835-0910
        E-Mail:spartrick@ymwlaw.com
        N.C. State Bar No.:  25176
        E-Mail:dmclamb@ymwlaw.com
        N.C. State Bar No.: 6272

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA
1:09-cv-00018

SCHUMACHER IMMOBILIEN          )
UND BETEILGUNGS AG,            )
                    Plaintiff, )
                               )
          vs.                  )
                               )          **CERTIFICATE OF SERVICE**
PROVA, INC. and CHRISTOPHER    )
WARD COX,                      )
                               )
                   Defendants. )

I hereby certify that on September 14, 2010, I electronically filed the foregoing PLAINTIFF'S JURY INSTRUCTIONS with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following: Christopher T. Graebe, Esquire and I hereby certify that I have mailed the document to the following non-CM/ECF participants: N/A.

YATES MCLAMB & WEYHER, LLP

By:     /s/ Sean T. Partrick
        Sean T. Partrick
        Dan J. McLamb
        Attorneys for Plaintiff
        Yates, McLamb & Weyher, LLP
        One Bank of America Square
        421 Fayetteville Street
        Post Office Box 2889
        Raleigh, N.C.  27602
        Telephone:  (919) 835-0900
        Facsimile:  (919) 835-0910
        E-Mail: spartrick@ymwlaw.com
        N.C. State Bar No.: 25176
        E-Mail: dmclamb@ymwlaw.com
        N.C. State Bar No.: 6272