```
               IN THE UNITED STATES DISTRICT COURT
             FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
```

SCHUMACHER IMMOBILIEN UND )
BETEILIGUNGS AG,          )
                          )
          Plaintiff,      )
                          )           1:09cv00018
     vs.                  )
                          )
PROVA, INC. AND CHRISTOPHER )
WARD COX,                 )
                          )
          Defendants.     )
                          )

**ORDER**

On July 21, 2010, the United States Magistrate Judge's Recommendation was filed, and notice was served on the parties pursuant to 28 U.S.C. § 636. Within the time permitted by section 636, objections were filed by Plaintiff (Doc. 92) and Defendants (Doc. 93). All parties also filed responses. (Docs. 94, 95.)

The Magistrate Judge recommends that the court grant Defendants' motion for sanctions for Plaintiff's alleged spoliation of evidence as well as Defendants' motion for summary judgment as to Plaintiff's claims for unjust enrichment and negligent misrepresentation. (Doc. 87 at 16, 19, 35–36.) The Magistrate Judge also recommends denying both parties' cross-motions for summary judgment on Plaintiff's claims for fraudulent inducement, unfair and deceptive trade practices,

breach of contract, and breach of express warranty, finding genuine issues of material fact exist for trial. (Id.)

Plaintiff objects to the recommendation that the court adopt an adverse inference instruction as a sanction for alleged spoliation of evidence. (Doc. 92 at 4–13.) Defendants claim in substance that Plaintiff moved the automobile parts that are the subject of the dispute from the storage facility from which they were sold and as a result Defendants cannot adequately defend Plaintiff's claims that relate to the identity of what was sold. (Doc. 95 at 2–5.) Plaintiff maintains that there is a dispute over the necessity for the removal of the parts and that in any event Defendant is not prejudiced because Plaintiff has not disposed of any of them and their identity can be determined from prior photographs of them. (Doc. 92 at 4–13.)

The parties will necessarily be presenting evidence as to their interactions related to the sale of the 1997 Porsche GT1 and accompanying spare parts, which evidence also serves as the basis of Defendants' claimed spoliation and request for sanctions. In light of the potentially conflicting testimony, the court believes that the degree of any alleged spoliation and any alleged prejudice can better be assessed on a full record presented at trial. Therefore, the court declines to adopt that portion of the Recommendation that an adverse instruction be

given, instead deferring that decision to the trial judge who will be in a better position to assess the claim.

Plaintiff also objects to the recommendation that the court grant Defendants' motion for summary judgment as to its claim of negligent misrepresentation. (Doc. 92 at 13-17.) Specifically, Plaintiff argues that under North Carolina law the economic loss rule does not preclude its claim of negligent misrepresentation because (1) the alleged misrepresentations occurred prior to the formation of the contract, (2) the claim is based on the same actions as its fraudulent inducement claim, which the court recommends should proceed, and (3) the potential damages for the negligent misrepresentation claim differ from those for a contract claim. (Id.) Defendants contend that the grant of summary judgment on the negligent misrepresentation claim was proper because, as the Magistrate Judge stated, Plaintiff failed to allege any independent duty outside of the contractual relationship. (Doc. 95 at 5-6.)

Under the economic loss rule, "[o]rdinarily, a breach of contract does not give rise to a tort action by the promisee against the promisor." N.C. State Ports Auth. v. Lloyd A. Fry Roofing Co., 294 N.C. 73, 81, 240 S.E.2d 345, 350 (1978), rejected in part on other grounds by Trs. of Rowan Technical Coll. v. J. Hyatt Hammond Assocs., Inc., 313 N.C. 230, 328 S.E.2d 274 (1985). To state a tort claim and breach of contract

claim arising from the same actions, "a plaintiff must allege a duty owed him by the defendant separate and distinct from any duty owed under a contract." Kelly v. Georgia-Pacific LLC, 671 F. Supp. 2d 785, 791 (E.D.N.C. 2009) (internal quotation marks omitted) (citing Paine, Webber, Jackson & Curtis, Inc. v. Stanley, 60 N.C. App. 511, 516-17, 299 S.E.2d 292, 295-96 (1983)); accord Broussard v. Meineke Disc. Muffler Shops, Inc., 155 F.3d 331, 346 (4th Cir. 1998) (citing Newton v. Standard Fire Ins. Co., 291 N.C. 105, 112, 229 S.E.2d 297, 301 (1976)). The tort also "must have an aggravating element," Strum v. Exxon Co., USA, 15 F.3d 327, 331 (4th Cir. 1994) (citing Newton, 291 N.C. at 112, 229 S.E.2d at 301), "such as fraud, malice, reckless indifference, oppression, insult, and willfulness." N.C. Mut. Life Ins. Co. v. McKinley Fin. Servs. Inc., No. 1:03CV00911, 2005 WL 3527050, at *8 (M.D.N.C. Dec. 22, 2005) (citing Taha v. Thompson, 120 N.C. App. 697, 705, 463 S.E.2d 553, 558 (1995)).

Under North Carolina law, a party to a contract owes the other contracting party a separate and distinct duty not to provide false information to induce the execution of the contract. E.g., Kindred of N.C., Inc. v. Bond, 160 N.C. App. 90, 101, 584 S.E.2d 846, 853 (2003) (holding that the defendant/seller "owed a duty to provide accurate, or at least negligence-free financial information" to the plaintiff/buyer);

4

see, e.g., Ada Liss Grp. v. Sara Lee Corp., No. 06CV610, 2010 U.S. Dist. LEXIS 59691, at *35 (M.D.N.C. Apr. 28, 2010) (stating that the defendant owed the plaintiff "a duty not to provide deceptive or misleading information" in connection with their distributorship agreement). Here, Plaintiff alleges that Defendants provided false information regarding the spare parts for the 1997 Porsche GT1 prior to the execution of the contract in order to induce its execution. (Doc. 1 at 13-16.) Plaintiff's factual allegations as well as facts demonstrated on summary judgment are sufficient to give rise to the existence of an independent duty. See May v. Town of Highlands, No. 2:06cv33, 2007 WL 925508, at *5 (W.D.N.C. Mar. 23, 2007) (finding that plaintiff in case alleging public duty claim had alleged facts from which duty can readily be discerned (citing Pinnix v. Toomey, 242 N.C. 358, 366, 87 S.E.2d 893, 900 (1955))).

Plaintiff has also alleged a separate claim for fraudulent inducement, contending that it was fraudulently induced to enter into the contracts by Defendants' false representations as to the existence and condition of the spare parts that later became the subject of the contract. (Doc. 1 at 13-15.) The Magistrate Judge recommended that the fraudulent inducement claim proceed based on Plaintiff's "particular allegations of [D]efendants' motive, actions, and statements in support of the fraud claim,

over and above the mere allegation that Defendants' failure to perform the contract showed that they never intended to perform the contract." (Doc. 87 at 22.) Plaintiff alleges the same facts to support its negligent misrepresentation claim. (Compare Doc. 1 at 13-15, with id. at 15-16.) Because Plaintiff "has met the higher burden of facts showing that Defendants deliberately schemed to commit fraud in inducing Plaintiff to sign the [agreements] . . . , [t]hese same facts . . . also support the claim for negligent misrepresentation." Ada Liss Grp., 2010 U.S. Dist. LEXIS 59691, at *35. Thus, Plaintiff has demonstrated a genuine issue of material fact with respect to Defendants' alleged negligent misrepresentation of facts leading to the agreements to purchase the Porsche GT1 and the spare parts to survive summary judgment.[1]

The court has reviewed those portions of the Magistrate Judge's Recommendation to which the parties have objected and made

---

[1] In support of a grant of summary judgment, Defendants cite two cases that bar a negligent misrepresentation claim alleging a failure to perform under the terms of the contract. (Doc. 95 at 5-6 (citing Johnson v. Sprint Solutions, Inc., No. 3:08-CV-00054, 2008 WL 2949253, at *3-4 (W.D.N.C. July 29, 2008), aff'd 357 F. App'x 561 (4th Cir. 2009); US LEC Commc'ns, Inc. v. Qwest Commc'ns Corp., No. 3:05-CV-00011, at *2 (W.D.N.C. May 15, 2006)). Those cases are distinguishable because, unlike here, the underlying claims do not challenge the validity of the contract itself. See Gregory Wood Prods., Inc. v. Advanced Sawmill Mach. Equip., Inc., No. 5:06-CV-00087, 2007 U.S. Dist. LEXIS 46245, at *25-26 (W.D.N.C. June 25, 2007) (finding that a fraud-in-the-inducement claim may satisfy an exception to the economic loss rule "because it does not dispute the performance of the terms of the contract but instead challenges the validity of the contract itself"); Mecklenburg Cty. v. Nortel Gov't Solutions Inc., No. 3:07-cv-00320-GCM, 2008 U.S. Dist. LEXIS 110381, at *12-13 (W.D.N.C. Apr. 1, 2008) (distinguishing between claims involving contract performance and contract validity with respect to the economic loss rule).

a de novo determination.  As to all objections except those relating to Defendants' spoliation and negligent misrepresentation claims, the court's review is in accord with the Magistrate Judge's Recommendation, which is adopted.

IT IS THEREFORE ORDERED that Defendants' motion for summary judgment (Doc. 30) is GRANTED as to Plaintiff's claims for unjust enrichment and is otherwise DENIED, and that Plaintiff's motion for summary judgment (Doc. 35) is DENIED.

/s/   Thomas   D.   Schroeder
United States District Judge

October 7, 2010